## UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF NEW YORK

ARON CRUZ PAREJA

|  |  |
|---|---|
| Petitioner, | |
| v. | **PETITION FOR WRIT OF HABEAS CORPUS** |
| **JUDITH ALMODOVAR**, Field Office Director of Enforcement and Removal Operations, New York City Field Office, | |
| **Kristi NOEM**, Secretary, U.S. Department of Homeland Security; | |
| **HON. PAMELA BONDI**, U.S. Attorney General; | |
| **RAUL MALDONADO, JR.**, Warden of Metropolitan Detention Center Brooklyn, | Case No. |
| Respondents. | |

## PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION:

1. Petitioner Aron Cruz Pareja pray this Court to issue a Writ of Habeas Corpus, granting his petition and secure his immediate release from unlawful immigration detention. 28 U.S.C. § 2241.

2. Petitioner is 42 years old, national and citizen of Mexico who entered the United States around June 2000 wothout being admitted or inspected.

3. On February 2, 2026, Petitioner was detained by ("ICE") at the Nassau County Court after he finished his last meeting with the probation officer, once he stepped out of the office he was arrested.

1

4.  Petitioner continued detention with no final order of deportation in anticipation for immigration hearing and without any meaningful opportunity for release on bond provided by Respondents

5.  Petitioner asks the Court to issue an order directing the government to "show cause why the writ [of habeas corpus] should not be granted" within three days. See 28 U.S.C. § 2243. Further, Petitioner asks the Court to issue a writ of habeas corpus by determining that his detention is not justified because (1) the government has not established by clear and convincing evidence that he presents a risk of flight or danger in light of available alternatives to detention; (2) her mandatory detention violates due process; or (3) he is being detained without statutory authorization. In the alternative, Petitioner asks the Court to issue a writ of habeas corpus and order her release within 20 days.

## II. REQUIREMENTS OF 28 U.S.C. § 2243

6.  The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

7.  Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

8.  This Petition presents only issues of law and can be properly decided without a hearing

2

despite the fact that the habeas statute 28 U.S.C § 2243 considers a hearing requiring the Court to "summarily hear and determine the facts, and dispose of the matter as law and justice require"); see O.F.B. v. Maldonado, No. 25-cv-06336, 2025 WL 3277677, *1 n.2 (E.D.N.Y. Nov. 25, 2025) granting petition prior to hearing. See also Tumba v. Francis, No. 25-cv-08110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant 28 U.S.C. § 2241 that authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C.§ 2241(c)(3)). Under Section 2241, "federal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." Rodriguez-Acurio v. Almodovar, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing Velasco Lopez v. Decker, 978 F.3d 842, 850 (2d Cir. 2020)).

10. Venue is proper in this district because that is where Petitioner is detained and that is where Petitioner's immediate custodian, facility administrator resides and works. See 28 U.S.C. § 1391(b). Petitioner is currently detained at Metropolitan Detention Center in Brooklyn, NY.

11. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States and a substantial part of the events or omissions giving rise to his claims occurred in this District and Petitioner resides in this District and no real property is involved in this action. 28 U.S.C. § 1391(e).

3

## IV. THE PARTIES

12. Petitioner, Aron Cruz Pareja, is a 42-year-old citizen of Mexico who seeks Cancelation of Removal and Adjustment of Status for Certain Nonpermanenet Residents Form 42B. He is in the custody, and under the direct control, of Respondents and their agents.

13. Respondent JUDITH ALMODOVAR, New York Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO). In this capacity, Respondent Almodovar is responsible for the implementation and enforcement of the Immigration and Nationality Act, responsible for Petitioner's detention. Respondent is a legal custodian of Petitioner. He is sued in her official capacity

14. Respondent, KRISTY NOEM, Secretary of the Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality the agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner. She is sued in her official capacity.

15. Respondent, Pamela Bondi, is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity. She is sued in her official capacity.

16. Respondent, Raul Maldonado, Jr., is employed by the Federal Bureau of Prisons as Warden of the Metropolitan Detention Center Brooklyn, where Petitioner is detained. He has immediate physical custody of Petitioner. He is sued in his official capacity.

## V. FACTUAL BACKGROUND

17. Petitioner is a 42-year-old citizen of Mexico who enterd the United States as a minor with his parents' and siblings in June 2000. He was not arrested at the entry and he lived all his

4

life since then the United States. He graduated from Hempstead High school in New York. He is married to U,S citizen and has a 13 years old U.S daughter. Petitioner is the sole financial, emotional, and mental support for his family.

18. Petitioner's wife file Form I-130, Petition for Alien Relative that was approved by USCIS. Petitioner file for I-601 A, Application for Provisional Unlawful Presence Waiver, paid the Department of State the fees for immigration visa and completed his counselor process and currently waiting for the interview appointment.

19. Petitioner's daughter suffers from a complex condition, known as an Omphalocele . As per doctor diagnosis "her Omphalocele was even more complex in that she had her entire liver outside of the abdominal cavity. She has not completed hert reatment. She stil has foreign material in the abdominal wall that will need to be replaced. She also is in need of development of anumbilical remnant that was removed at the time of surgery".

20. On January 18, 2025, Pettioner with his daughter were at his brother's house helping him doing some construction work. Petiotioner spent the whole day helping his brother while his daughter spending time with her cousin. Petitioner's daughter requested to sleep over with her cousin and he agreed and decided to spend the night at his brother's house. It was a Saturday and they started drinking celebrating their union. Petioner's wife called him and started fighting over the daughter sleep over and insisted the she has to come back home. Petitioner at the end as a father and husband decided to take his daughter home. Petitioner was arrested, charged with felony DWI, Nassau County Court sentenced him with probation. It was the first and the last criminal charges in his entire life in the United States.

21. On February 2, 2026. Upon ending the last probation meeting with the probation officer after he congratulated the petitioner and once petitioner stepped out of the office he was immediately arrested by ICE. Around the same time, respondents-initiated removal proceedings against petitioner in New York by filing a Notice to Appear. Respondents alleged that petitioner is subject to removal from the United States under INA §(a)(6)(A)(i) and commanded that petitioner appear for a hearing in the immigration court in New York on February 20, 2026.

22. At this hearing the petitioner submitted form 42b, application for cancelation of removal and adjustment of status for certain non permanent residents and attached evidence that his removal would result in exceptional and extremely unusual hardship to his U.S daughter who suffers from serious medical condition.

23. The court adjourned the hearing to April 23, 2026, and declared that it has no jurisdiction to adjudicate any request to release petitioner on bond, and denied a request for voluntary departure since the petitioner has his wife's petion for Alien relative , Form I-130 approved, and petitioner paid for the immiogration visa fees.

24. Respondents did not identify any statutory basis for mandatory detention and did not provide Petitioner with a bond hearing, individualized custody determination, or any procedural safeguards.

25. Petitioner had no outstanding removal order, had a scheduled immigration court hearing on April 12, 2026, and he posed no risk of flight or danger to the community.

## VI. LEGAL GROUNDS FOR RELIEF

COUNT ONE:

### ULAWFUL ARREST AND SEZIURE VIOLATINGTHE FOURTH AMENDMENT.

26. The fourth Amendment protects persons not just citizens so undocumented individuals are protected against unreasonable search and seizures.

27. Ice must have reason to believe the petitioner was removable under 8 U.S.C § 1357 (a)(2). Ice officers' powers to arrest and search are strictly bound by the Fourth Amendment which protects all people in the U.S. from unreasonable searh and seizure. For an arrest to be lawful officers must have probable cause stemming from specific facts leading a reasonable person to believe that a certain individual is unlawfully present and likely to escape before a warrant can be obtained, and factors like race, Spanish speaker, or being in a "high-crime" area are not enough on their own to meet this standard.

28. The Second Circuit ruled that evidence must be suppressed in immigration proceedings when the Fourth Amendment violation is egregious. See Almeida v. Gonzalez 461 ZF.3d 231 ( 2d Cir. 2006. The court recognized that arrests based solely on racial profiling or unsupported suspicion can constitute an egregious Fourth Amendment violation.See Cotzojay v. Holder 725 F.3d 172 (2d Cir. 2013).

29. Courthouse arrests raise a constitutional fairness concerns particulary when the person was complying with criminal court orders, the arrest discourage access to court violating due process.

30. The Petitioner was arrested by ICE officers immediately after completing a required probation meeting at the Nassau County Court. The arrest was executed without a judicial

warrant and without probable cause to believe that Petitioner was removable, if Respondents claimed that Ice had administrative warrant becuasethose type of warrants do not authorize arrest in public space without probable cause. Moreover, if Ice simply waited outside the court house and arrested him because he appeared undocumented or he is a sapnish Speaker and did not have a reason to believe that he was removable this arrest qualifies as an egregious violation of the Fourth Amendment. *See INS v. Lopez-Mendoza, 468 U.S. 1032 (1984); Almeida-Amaral v. Gonzales, 461 F.3d 231 (2d Cir. 2006).*

**COUNT TWO:**

**UNLAWFULL DENTENTION WITHOUT ACCESS TO A BOND HEARING VIOLATES DUE PROCESS OF THE FIFTH AMENDMENT.**

31. Civil immigration detention is subject to the constraints of the Fifth Amendment pdue process clause that rohibits detention that is arbitrary, unreasonable, or unsupported by procedural protections. Petitoner has been detsained since January without a meaningful opportunity for release on bond. The immigration Judge who is responsible of the detained docket concluded that the court lacked jurisdiction to review custody redetermination.

32. Consequently, petitioner has been deprived of any neutral decisionmaker who is capable of reviewing the necessity of continued detention.

33. The lack of review rendered Petitioner's continued detention which was not incident to removal order, punitive, arbitrary, and disconnected from any legitimate immigration enforcement purpose.

34. The Second Circuit has recognized that prolonged immigration detention without a meaningful bond hearing raises sewrious constitional concerns and violates due process.

See Lora v Shanahan 804 F 3d. 601 ( 2d Cir.2015); Black v. Decker, 2024 WL( 2d Cir. 2024).

35.    Petitioner was arrested solely for complying with ICE instructions, without notice or opportunity to contest detention. The lack of an individualized custody determination violates substantive and procedural due process.

**COUNT THREE:**

**RESPONDENT LACK STATUTORY BASIS TO DETAIN PETITIONER**

36.    DHS lacks statutory authority to detain a noncitizen who is not subject to mandatory detention, has no final order of removal, and has complied with all appearance obligations.

37.    Respondents may argue that Petitioner falls within the ambit of § 1225(b)(2) mandatory detention requirement. the Eastern District of New York (E.D.N.Y.) "Contrary to respondents' position, Section 1225(b)(2)(A) does not provide a valid basis on which to detain petitioner under these circumstances. Petitioner should not be subject to mandatory detention". See Y-C- v. Genalo, No. 25-cv-06558 (NCM), 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025). The court stated "This Court does not agree with respondents' reading of the INA. The Court finds persuasive the reasoning of the hundreds of district courts that have overwhelmingly rejected the government's interpretation of Section 1225. Three reasons underlie the Court's conclusion: the government's reading is (1) not consistent with the plain language of the statute, (2) in tension with precedent of the United States Supreme Court, and (3) impossible to square with a recently enacted portion of Section 1226. The Court discusses each reason in turn.

38.    Petitioner's continued detention under these circumstances is ultra vires and unlawful.

**COUNT FOUR:**

9

## HUMANITARIAN FACTORS STRONGLY FAVOR RELEASE

39. Petitioner continued detention imposes extraordinary hardship on his family. Petitioner is the sole financial provider to his family. He is married to U.S citizen wife who is house wife. Petitioner's wife submitted a petitioner for Alien Relative long time before he was arrested that was approved, and the petitioner paid for the immigrant visa and continuing the counsel process in order to be able to live  legally in the United States and take care of his family.

40. Petitioner's daughter suffers  from a serious complex medical condition and she has to be under medical treatment for long time and she will be subject to multiple surgery. The daughter relies on her father emotional, mental, and financial support.

41. Courts have recognized that immigration detention must remain reasonable in relation to its purpose and prolonged detention that unnecessary disrupts family strability and medical care raises significant constitutional concerns.

## VII. REQUEST FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1- Assume jurisdiction over this matter;

2- Issue a writ of habeas corpus ordering Petitioner's immediate release from ICE custody/ Alternatively, order an immediate individualized bond hearing before a neutral adjudicator;

3- Declare Petitioner's detention unconstitutional and unlawful;

4- Enjoin DHS from re-detaining Petitioner absent lawful authority; and

5- Grant any further relief this Court deems just and proper.

Respectfully Submitted,

Yasser Ghoname, Esq

11

## VII. VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Aron Cruz Pareja and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.
Dated this 11th day of March 2026

Respectfully Submitted,

*YMGhoname*
Yasser Ghoname, Esq
Law office of Yasser Ghoname
1135 Montauk Hwy
Mastic, NY 11950
Email: yghoname@ymglegal.com

12